## No. 760.—J. W. BURBRIDGE & Co. v. J. J. ANDRUS.

The right to call a third party in warranty is conferred only upon the defendant in the action, and the judgment in warranty is dependent entirely on the judgment against the defendant in the main action. C. P. 362.

The holder of a promissory note indorsed in blank can not, therefore, proceed against the indorser as a warrantor.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *King*, J. *H. L. Garland*, for plaintiffs and appellants. *Martel & Hudspeth*, for defendant and appellee. *Moore & Morgan*, for warrantor.

HOWELL, J. This is an action against the defendant as maker of a promissory note for $1200 and for the balance of an account. In answer the defendant alleged that the note was given for Confederate treasury notes loaned to him by the payer and indorser, R. S. Wilkins, and that since the institution of the suit he has paid the amount of the account. Plaintiffs then filed a supplemental petition, alleging that, as they had received said note from Wilkins for a valuable consideration, to wit: the amount thereof, and as he guaranteed the existence of a contract on the part of the maker, he is bound to plaintiffs for the amount of the note in case the maker sustains his defense, and they prayed that said Wilkins be cited to prosecute this suit conjointly with plaintiffs and decreed to pay them the amount of the note, with six per cent. interest, and costs.

Wilkins, for answer to the call in warranty, denies that he warranted the validity of the claim sued on or that the consideration of the note was legal, and avers that he simply transferred it by blank indorsement as negotiable paper and he is not bound in warranty thereon, not having sold it; that if responsible at all, it is only as indorser of negotiable paper, which, if not collectable on account of illegality of its consideration, he can not be compelled to pay, and that he is not sued as indorser.

Judgment was rendered dismissing plaintiffs' suit, and they have appealed.

In this court they admit that the consideration of the note was Confederate treasury notes, but they contend that Wilkins is responsible as the guarantor of the debt and that, as every indorsement is essentially an original contract, equivalent to a new bill in favor of the holder on the acceptor or maker, they are entitled to judgment against him.

Whatever may be the responsibility of the indorser of a note tainted with illegality, we think there is no cause or ground for a call of warranty in this case, and that the court did not err in dismissing the suit. "A personal warranty is that which takes place in personal actions; it arises from the obligations which one has contracted to pay the whole or a part of a debt due by another to a third person." C. P. 379. No such obligation was assumed by Wilkins, who is not sued herein as indorser.

We will add that by the Code of Practice a call in warranty seems to be conferred only on a defendant and the judgment thereon to be dependent on a judgment against him. C. P. 362, 363, 378 to 388.

Judgment affirmed.